1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   TONY BLACKMAN,                          )   Case No.: 1:13-cv-01978-LJO-SAB (PC)
                                             )
12              Plaintiff,                    )
                                             )   FINDINGS AND RECOMMENDATION
13        v.                                  )   REGARDING COMPLAINT FILED PURSUANT
                                             )   TO 42 U.S.C. § 1983
14   GEORGE W. NICHOLSON, et al.,            )
                                             )   [ECF No. 1]
15              Defendants.                   )
                                             )
16   _____     )

17        Plaintiff Tony Blackman is appearing pro se in this civil rights action pursuant to 42 U.S.C. §

18   1983.  Plaintiff filed the instant complaint on December 2, 2013.

19        Plaintiff is an inmate in the custody of the California Department of Corrections and

20   Rehabilitation at R. J. Donovan Correctional Facility in San Diego, California.  Plaintiff's complaint

21   names Justices of the California Court of Appeal for the Third Appellate District as Defendants

22   regarding actions taken in their official capacity.

23        For the reasons explained below, the complaint must be dismissed, without leave to amend, for

24   failure to state a cognizable claim.

25   ///

26   ///

27   ///

28   ///

                                              1

**I.**

**DISCUSSION**

**A.      Three Strikes Litigant**

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).

This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement.  All three actions were dismissed as frivolous, or for failure to state a claim upon which relief can be granted.  <u>Blackman v. Harwell, et al.</u>, 1:99-cv-05822 REC HGB PC (E.D. Cal); <u>Blackman v. Medina</u>, 3:05-cv-05390-SI (N.D. Cal.); <u>Blackman v. Variz</u>, 3:06-cv-06398-SI (N.D. Cal.).  <u>See, e.g.</u>, <u>Blackman v. Blease</u>, 1:07-cv-01873-AWI-MJS PC, EFC No. 14.  Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious physical injury.  There are no such facts alleged in the instant complaint.

Notwithstanding the fact that Plaintiff may be ordered and pay the applicable $400.00 filing fee to proceed with this action, the allegations in the complaint fail as a matter of law and are not subject to amendment.  Accordingly, dismissal is appropriate.

**B.      Failure to State a Cognizable Claim**

1.      <u>Judicial Immunity</u>

Plaintiff contends that the appellate court judges have subjected him to deliberate indifference regarding his criminal and appellate court cases.  The judges presiding over Plaintiff's case has absolute immunity.  <u>Forrester v. White</u>, 484 U.S. 219, 225 (1988).  The Ninth Circuit has stated: "Judges and those performing judge-like functions are absolutely immune for damage liability for acts performed in their official capacities." <u>Ashelman v. Pope</u>, 739 F.2d 1072, 1075 (9th Cir. 1986) (citing <u>Richardson v. Koshiba</u>, 692 F.2d 911, 913 (9th Cir. 1982).  Thus, the doctrine of judicial immunity protects "judicial independent by insulating judges from vexatious actions prosecuted by disgruntled litigants." <u>Forrester</u>, 484 U.S. at 255.

1    Such absolute judicial immunity is lost "only when [the judge] acts in the clear absence of all

2    jurisdiction or performs an act that is not judicial in nature." Schucker v. Rockwood, 846 F.2d 1202,

3    1204 (9th Cir. 1988).  Even when a judge is accused of acting maliciously, corruptly, or erroneously,

4    judicial immunity remains.  See Mireles v. Waco, 502 U.S. 9, 11 (1991) ("judicial immunity is not

5    overcome by allegations of bad faith or malice"); Meek v. County of Riverside, 183 F.3d 962, 965

6    (9th Cir. 1999) ("A judge is not deprived of immunity because he takes action which are in error, are

7    done maliciously, or are in excess of his authority").  Plaintiff has not set forth any allegations

8    demonstrating that judicial immunity should not apply in this case.  Accordingly, Plaintiff has failed to

9    state a claim against any of the named Justices of the California Court of Appeal for the Third District.

10            2.     Inmate Appeals Process

11    Plaintiff makes vague reference to the fact that prison officials have failed to process or

12    respond to his inmate grievance.  However, Plaintiff is advised that "[t]he Fourteenth Amendment's

13    Due Process Clause protects persons against deprivations of life, liberty, or property; and those who

14    seek to invoke its procedural protection must establish that one of these interests is at stake."

15    Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  Plaintiff does not a have protected

16    liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due

17    process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850,

18    860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

19    **II.**

20    **RECOMMENDATION**

21    Based on the foregoing, it is HEREBY RECOMMENDED that the instant complaint be

22    dismissed, without leave to amend, for failure to state a cognizable claim.

23    This Findings and Recommendation is submitted to the assigned United States District Court

24    Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of

25    Practice for the United States District Court, Eastern District of California.  Within **fourteen (14)** days

26    after being served with a copy, Plaintiff may file written objections with the court and serve a copy on

27    all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

28    Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

1   636 (b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive

2   the right to appeal the District Court/s order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4   IT IS SO ORDERED.

5       Dated:    **December 6, 2013**

6                                           UNITED STATES MAGISTRATE JUDGE